UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-WILLIAMS

FATIMA DEL SOCORRO MARIN JIRON )
and all others similarly situated under 29 )
U.S.C. 216(B), )
)
               Plaintiff, )
vs. )
)
GAJOVA, INC. d/b/a SUNSET GARDENS )
III )
JOGAVA, INC. d/b/a SUNSET GARDENS II )
JORGE ENRIQUE VALLE, )
)
               Defendants. )
)

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110**

Plaintiff, FATIMA DEL SOCORRO MARIN JIRON on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, GAJOVA, INC. d/b/a SUNSET GARDENS III, JOGAVA, INC. d/b/a SUNSET GARDENS II, and JORGE ENRIQUE VALLE, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant GAJOVA, INC. d/b/a SUNSET GARDENS III is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant JOGAVA, INC. d/b/a SUNSET GARDENS II is a corporation that regularly

transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant JORGE ENRIQUE VALLE is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff worked for Defendants as an ALF worker tending to the aged and infirmed from on or about July 12, 2008 through on or about May 8, 2013.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2007, 2008, 2009, 2010, 2011, and 2012.

14. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $500,000 for the year 2013.

15. Plaintiff worked for both Corporate Defendants from on or about July 12, 2008 through on or about May 8, 2013. Plaintiff started work at the facilities of JOGAVA, INC. d/b/a SUNSET GARDENS II then was transferred to the facilities of GAJOVA, INC. d/b/a SUNSET GARDENS III in 2009, while still receiving training and certification on behalf of both companies after 2009 and still under the same supervision.

16. Upon information and belief, Defendants, GAJOVA, INC. d/b/a SUNSET GARDENS III

and JOGAVA, INC. d/b/a SUNSET GARDENS II, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control are being done for a common business purpose.

17. Upon information and belief, Defendants, GAJOVA, INC. d/b/a SUNSET GARDENS III and JOGAVA, INC. d/b/a SUNSET GARDENS II, were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

18. Individual Defendant JORGE ENRIQUE VALLE was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

19. 29 USC 203(s)(1)(B) also states that an enterprise engaged in commerce or in the production of goods for commerce is "an enterprise that is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit)".

20. Upon information and belief Defendant, GAJOVA, INC. d/b/a SUNSET GARDENS III, is an assisted living facility that receives federal funding for the years 2008 through 2013.

21. Upon information and belief Defendant, JOGAVA, INC. d/b/a SUNSET GARDENS II, is an assisted living facility that receives federal funding for the years 2008 through 2013.

22. Between the period of on or about July 12, 2008 through on or about May 8, 2013, Plaintiff

worked an average of 132 hours a week for Defendants and was paid an average of $3.18 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate at the Federal minimum wage rate for each hour worked above 40 in a week.

23. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-23 above and further states:

24. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007

Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

25. Between on or about July 12, 2008 through on or about May 8, 2013, Plaintiff worked an average of 132 hours a week for the Defendants. Plaintiff was paid $3.18/hr for said work in violation of the Fair Labor Standards Act as said payment of $3.18/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $3.18/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

26. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

27. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --

whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-27 above and further states:

28. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

29. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

30. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek his minimum wage claim against the Defendants. On May 21, 2013, Plaintiff sent via certified U.S Mail the required amended Florida Minimum Wage Notice to the Defendants pursuant to Florida Statute § 448.110(6)(a). Said Notice was received by Defendants on May 23, 2013 and May 28, 2013.

31. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on June 12, 2013. However, as of June 14, 2013, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

32. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

33. From on or about July 12, 2008 through on or about May 8, 2013, Plaintiff worked an average of 132 hours a week and was paid an average of $3.18 per hour. Plaintiff was not paid the proper Florida minimum wage for the relevant time periods (set forth above) as required by the Florida Constitution.

34. The Defendants wage payment practices to Plaintiff between on or about July 12, 2008 through on or about May 8, 2013 did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable

Florida minimum wage for the time period specified above. [1]

35. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act and Florida Constitution as Defendants knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                          Respectfully Submitted,

                                          J.H. Zidell, Esq.
                                          J.H. Zidell, P.A.
                                          Attorney For Plaintiff
                                          300 71st Street, Suite 605
                                          Miami Beach, Florida 33141
                                          Tel: (305) 865-6766
                                          Fax: (305) 865-7167

                                          By:__/s/ J.H. Zidell_____
                                              J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121

---

[1] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.