UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON, et al.

        Plaintiff,
v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III, JORGE E. VALLE, et al.

        Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants, Gajova, Inc. (hereinafter "Sunset III"), Jogava, Inc. (hereinafter "Sunset II") and Jorge E. Valle, by and through undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P., hereby move the Court for the entry of summary judgment in this matter. In support of this Motion, Defendants state:

1. Defendant Valle was not Plaintiffs' employer as he was not in charge of the day-to-day operations of Sunset II or Sunset III, he did not hire Plaintiffs, set their rates of pay, set their hours, work schedules, benefits or in any way direct their work.

2. Plaintiffs were not individually covered under the Fair Labor Standards Act (hereinafter "FLSA") as no Plaintiff was individually engaged in commerce or in the production of goods for commerce.

3. Defendants Sunset II and Sunset III are not an "enterprise" subject to the provisions of the FLSA as neither is engaged in commerce nor engaged in the production of goods for commerce and neither entity ever grossed the requisite $500,000.00 in sales per year.

1

4.    Defendants Sunset II and Sunset III are not "institutions" as that term is defined in the FLSA.

5.    Plaintiffs fall under the "companionship exemption" to the FLSA.

WHEREFORE, summary judgment is warranted in the instant case since Defendant Jorge E. Valle is not individually liable for any alleged FLSA violation, neither the Plaintiffs nor Defendants Sunset II or Sunset III are covered by the FLSA and the Plaintiffs are specifically exempt from the FLSA.

## FACTUAL BACKGROUND

Defendants Sunset II and Sunset III operate as Assisted Living Facilities (hereinafter "ALF") within private, residential homes and are licensed by the State of Florida Agency for Health Care Administration (AHCA). (SUMF ¶69)[1] Sunset II and Sunset III were allowed to have a maximum of six full-time residents living on its premises at any time. Plaintiff Fatima Jiron[2] worked at Sunset II offering help and companion to the residents from July 12, 2008 to February 2009. (SUMF ¶1) On or about February 2009 Fatima Jiron began working at Sunset III until May 8, 2013. (SUMF ¶2)

Fatima Jiron's two sisters and mother (Plaintiffs Aracellys Marin[3] Teresa Marin[4] and Flor Alvarez[5]) worked exclusively at Sunset II also offering help and companionship to the residents. (SUMF ¶¶10, 27, 28, 46) Aracellys Marin, Teresa Marin and Flor Alvarez were live-

---

[1]   Citations to Defendants' Statement of Undisputed Material Facts will be made herein as "SUMF" followed by the corresponding paragraph in the Statement.
[2]   Plaintiff Fatima Del Socorro Marin Jiron will be referred to herein as "Fatima Jiron."
[3]   Plaintiff Aracellys Del Socorro Jiron Marin will be referred to herein as "Aracellys Marin."
[4]   Plaintiff Teresa Ines Jiron Marin will be referred to herein as "Teresa Marin."
[5]   Defendant Flor De Maria Marin Alvarez will be referred to herein as "Flor Alvarez."

in caregivers and resided together on the premises of Sunset II. (SUMF ¶¶28, 53) None of the Plaintiffs paid any rent, utilities or bought groceries. (SUMF ¶¶22, 36, 52) Plaintiff Aracellys Marin resided on the premises with her boyfriend. (SUMF ¶¶19-20)

Fatima Jiron filed the instant action on May 21, 2013 immediately after her termination from Sunset III. Thereafter, on or about December 4, 2013, Aracellys Marin, Teresa Marin and Flor Alvarez filed a separate suit styled *Aracellys del Socorro Jiron Marin, et al. v. Jogava, Inc. and Jorge Valle,* Case No. 13-CV-24383-KMW. The two cases were consolidated into the instant action. Aracellys Marin, Teresa Marin and Flor Alvarez's claims are **only** against Jogava, Inc. (Sunset II) and Jorge E. Valle as none of them ever worked at Sunset III. (SUMF ¶¶10, 11, 26, 27, 28, 46, 57)

All Plaintiffs testified during their depositions and through sworn answers to interrogatories, that Nidia Valle hired each one of them, was their direct supervisor throughout their employment (until Nidia Valle moved to Nicaragua in April 2013), and that Nidia Valle was in charge of setting their rate of pay, work schedules, hours and working conditions. (SUMF ¶¶3-8, 12-14, 17-18, 20, 23, 26, 31-32, 38-39, 41, 51, 55-58). Defendant Jorge Valle only visited the premises of Sunset II and Sunset III when Nidia Valle was traveling out of town. (Affidavit of Jorge E. Valle). Plaintiffs corroborate this fact. (SUMF ¶¶13, 18, 27, 38).

The Plaintiffs likewise testified consistently as to their daily duties. Each Plaintiff described their daily routine as including helping the residents to bathe, dress and eat. They also stated they helped administer medications, cooked the residents' meals, did the residents' laundry, made the residents' beds, cleaned, played games with the residents and kept them company. (SUMF ¶58)

There are no facts that establish that Plaintiffs ever engaged in interstate commerce individually. And, although Sunset II and Sunset III each had six full-time residents, they were not profitable. There is no dispute that neither entity ever grossed anywhere near the $500,000.00 statutory minimum. (SUMF ¶47, 48). On February 2014 Sunset II closed. (SUMF ¶55) Sunset III remains open and is operated by Ladisbel Hernandez. (SUMF ¶56)

## MEMORANDUM OF LAW

Summary judgment shall be entered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must look at the evidence in the light most favorable to the nonmoving party. *Stewart v. Happy Herman's Cheshire Bridge, Inc.* 117 F.3d 1278, 1285 (11th Cir. 1997). In the instant case, Plaintiffs' depositions, responses to Interrogatories, Defendant Jorge Valle's Affidavit as well as the exhibits presented establish without dispute that Defendants are entitled to judgment as a matter of law.

**I    DEFENDANT VALLE WAS NOT PLAINTIFFS' EMPLOYER**

There is no dispute between the testimony of each Plaintiff that Nidia Valle hired each one of them, trained them, set their rates of pay and determined each of their hours and work schedule. Defendant Jorge Valle only visited the premises of Sunset II or Sunset III when Nidia Valle was traveling. When he visited the premises it was at Nidia Valle's request and he merely mowed the lawn, purchased groceries or delivered payments with funds left by Nidia Valle for that purpose. Therefore, Defendant Jorge Valle did not have any operational control over Sunset II or Sunset III. Rather, it was his former wife, Nidia Valle, who ran both operations.[6]

---

[6]    The parties divorced in May 2011. (SUMF ¶49)

An "employer" is defined as the employer for whom the employee directly works as well as any person "acting directly or indirectly in the interests of an employer in relation to an employee." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). Therefore, a corporate officer with operational control of a corporation's covered enterprise[7] is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). Whether an individual can be considered an employer "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.* 471 F.2d 235, 237 (5th Cir. 1973). That determination is a legal one to be made by the Court. *Patel* at 634. It is factually undisputed that Defendant Jorge Valle did not have any operational control over Sunset II or Sunset III. Therefore, as a matter of law, he cannot be held individually liable for any possible FLSA violations.

In *Patel v. Wargo*, the Eleventh Circuit upheld the lower court's ruling that a president, director and principal stockholder of the defendant corporation was not personally liable for wage underpayments where someone else was the operator and manager of the business and the president did not have operational control over the day-to-day functions, "including compensation of employees or other matters 'in relation to an employee.'" *Patel* at 638. In *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, (11th Cir. 2008), the Eleventh Circuit cited *Patel* in refusing to impose individual liability on a majority shareholder who, like Defendant Jorge Valle, chose not to exercise any operational control over the corporation. In the instant case, Plaintiffs have admitted that it was Nidia Valle, and **not Defendant Jorge Valle,** who had operational control over the daily operations of Sunset II and

---

[7] Defendants maintain they are not a covered enterprise.

Sunset III. It is undisputed that Defendant Jorge Valle did not direct Plaintiffs' daily activities, did not set or change their rates of pay, did not set their schedules or work hours. Therefore, Defendant Jorge Valle cannot be individually liable for any possible FLSA violations.

## II   THERE IS NO INDIVIDUAL OR ENTERPRISE COVERAGE

In order to be covered by the FLSA, Plaintiffs must establish they were either "engaged in commerce or in the production of goods for commerce" or were "employed in an enterprise engaged in commerce or in the production of good for commerce." 29 U.S.C. §207(a)(1), *Ares v. Manuel Diaz Farms, Inc*. 318 F.3d 1054 (11th Cir. 2003). There is no evidence that any Plaintiff ever engaged in commerce or produced any goods whatsoever. Plaintiffs rendered services in a private home. Therefore, there can be no individual coverage.

To establish "enterprise" coverage, Plaintiffs must prove that Defendants had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and "is an enterprise whose annual gross volume of sales made or business done is **not less than $500,000.00**." 29 U.S.C. §203(s)(1) (Emphasis added). Defendants' Federal Income Tax Returns establish that neither Sunset II nor Sunset III ever came close to meeting that threshold. In fact, even if the two separate entities' gross sales are combined, the total would still not come close to the $500,000.00 statutory minimum. Therefore, Defendants cannot be considered an "enterprise" under the FLSA. Indeed, Defendants Sunset II and Sunset III are

precisely the small, local business which Congress intended to exclude from the FLSA by increasing the gross sales requirement.[8]

**III      DEFENDANTS ARE NOT AN "INSTITUTION" AS DEFINED BY THE FLSA**

Plaintiffs also claim coverage pursuant 29 U.S.C. §203(s)(1)(B) stating that Defendants are "facilities primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of said institutions." Defendants Sunset II and Sunset III are licensed as ALFs by AHCA. However, that fact is not dispositive of whether Defendants are an "institution" as that term is defined by the FLSA. In order to be eligible to reside in an ALF, an individual must meet certain requirements pursuant to 58A-5.0181, Florida Administrative Code. Among the requirements, the resident must be at least 18 years of age; be able to perform the activities of daily living, with supervision or assistance if necessary; be able to transfer, with assistance if necessary; be capable of taking his/her own medication with assistance from staff if necessary; and not be bedridden. Therefore, there is no requirement that a resident be "elderly" or "sick" to reside at Sunset II or Sunset III. The resident must merely require assistance with daily activities.

Sunset II and Sunset III operated out of private homes. Sunset II and Sunset III provided a private residence to the six individuals living on the premises and who needed assistance with daily living. Plaintiffs considered it their residence as well where they resided as a family. Both locations had only six residents, had televisions, pools, back yards and recreational activities.

---

[8]   Indeed, Defendants would not have been able to operate at all if they paid Plaintiffs the wages they now seek. For example, in 2012 the state minimum wage was $7.67 per hour. Plaintiffs seek payment for 168 hours per week. That is, for straight time alone, each Plaintiff would have earned $1,288.56 per week. Overtime for 128 hours at $3.83 would result in an additional $490.24 owed to each Plaintiff weekly. Plaintiffs' wages would have exceeded $277,000.00 in 2012. Defendant Sunset II only grossed $130,231.00 that year. Surely, Congress could not intend that compliance with the FLSA would result in driving Sunset II out of business altogether.

7

This setting cannot be considered an "institution" similar to a hospital or nursing home where medical or psychiatric care is provided on a 24-hour basis. Rather, Sunset II and Sunset III provided individuals who could not live on their own the ability to live in a less restrictive environment than a hospital or nursing home and provided all the comforts of home. Therefore, Sunset II and Sunset III cannot be considered the type of "institution" covered by Section 203(s)(1)(B).

## IV    PLAINTIFFS FALL UNDER THE "COMPANIONSHIP" EXEMPTION

Plaintiffs provided companionship services to the residents of Sunset II and Sunset III. Each Plaintiff described helping the residents bathe, eat and dress. They described preparing meals, doing the residents' laundry, making their beds, keeping them company while they watched television or playing games with them. This qualifies Plaintiffs as companions who resided on the premises to accompany and help the residents. Part of the consideration paid to Plaintiffs was room and board. Each Plaintiff lived as a family and considered Sunset II their own home. Plaintiffs paid no utilities and purchased no groceries. They resided on the premises as their own residence and to provide companionship to the other residents who lived there.

"Any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" is exempt from the provisions of the FLSA. The "companionship services" include providing "fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes and other similar services." 29 C.F.R. §552.6. This exemption extends to employees contracted by third parties. "Employees who are engaged in providing

8

companionship services . . . and who are employed by an employer or agency other than the family or household using their services, are exempt from the Act's minimum wage and overtime pay requirements by virtue of Section 13(a)(15)." 29 C.F.R. §552.109(a). The U.S. Supreme Court recognized the validity of this Regulation in *Long Island Care At Home, Ltc., v. Coke,* 552 U.S. 158 (2007). The Regulation was likewise acknowledged as valid in *Buckner v. Florida Rehabilitation Network, Inc.*, 489 F.3d 1151 (11th Cir. 2007).

There is no dispute as to what the Plaintiffs' duties were during their employment. Each helped the residents perform daily functions which the residents could not perform alone. There is also no dispute that each resident permanently resided on the premises of Sunset II and Sunset III and considered the residence their own home where they received correspondence and visitors. There is also no dispute that the Plaintiffs themselves considered Sunset II their own private home where they resided with their family, hosted bible class and received mail and visitors. Therefore, rather than an "institution" as alleged by Plaintiffs, Sunset II was a private home where they offered help and companionship to the various residents living with them.

## CONCLUSION

Defendants are entitled to summary judgment as a matter of law. Defendant Jorge Valle was never responsible for the Plaintiffs' activities, rates of pay, schedules nor did he run the day-to-day operations of Sunset II or Sunset III. Further, Sunset II and Sunset III are not covered under the FLSA as neither one is an "enterprise" because neither ever earned the requisite gross sales. Further, rather than an "institution" as alleged by Plaintiffs, Sunset II and Sunset III were the private residence of Plaintiffs as well as the residents living on the premises where each received mail and visitors. Where Plaintiffs lived rent-free and paid no utilities and purchased no groceries. Sunset II was their private home where they offered companionship services to those

who required the help. Therefore, summary judgment is warranted as Jorge Valle is not individually liable and neither Sunset II nor Sunset III are subject to the FLSA. Each Plaintiff is specifically excluded from coverage as they provided companionship to the residents living with them on the premises and are not entitled to minimum wages or overtime.

Respectfully submitted,

By: s:/Blanca R. Sordo
Blanca R. Sordo
FBN 0196037

MARTINEZ & SORDO, P.A.
Attorneys for Defendants
7300 North Kendall Drive
Suite 380
Miami, Florida 33156
Tel (305) 670-6767
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 15th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: s:/Blanca R. Sordo
          Blanca R. Sordo

          MARTINEZ & SORDO, P.A.
          Attorneys for Defendants
          9350 South Dixie Highway
          10th Floor
          Miami, Florida 33156
          Tel (305) 671-1307
          Fax (786) 472-7030
          E-mail: Blanca @martinezsordolaw.com

**SERVICE LIST**
**Fatima Del Socorro Marin Jiron, et al. v. Gajova, Inc., et al.**
CASE NO. 13-CV-21795-CV-SIMONTON
[CONSENT CASE]
**Southern District of Florida**

J.H. Zidell, Esq.,
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

K. David Kelly
 J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF