UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-SIMONTON
[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON, et al.

        Plaintiff,
v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III, JORGE E. VALLE, et al.

        Defendants.
_____/

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Gajova, Inc., Jogava, Inc., and Jorge E. Valle, by and through undersigned counsel, hereby file their Statement of Undisputed Material Facts in support of their Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P., and state as follows:

**UNDISPUTED MATERIAL FACTS**

1.    Plaintiff Fatima Jiron[1] was employed by Defendant Jogava, Inc. (Sunset II)[2], from on or about July 12, 2008 until February 2009. (Plaintiff Fatima Del Socorro Marin Jiron's Responses to Defendant's First Set of Interrogatories ¶3, attached as Exhibit 1 hereto).

2.    Plaintiff Fatima Jiron was employed by Defendant Gajova, Inc (Sunset III)[3], from on or about February 2009 until May 8, 2013. (Plaintiff Fatima Del Socorro Marin Jiron's Responses to Defendant's First Set of Interrogatories ¶3).

---

[1]    Plaintiff Fatima Del Socorro Marin Jiron will be referred to herein as "Fatima Jiron."
[2]    Defendant Jogava, Inc., is also referred to herein as "Sunset II."
[3]    Defendant Gajova, Inc., is also referred to herein as "Sunset III."

3.      Nidia Valle was Plaintiff Fatima Jiron's supervisor at Sunset II and Sunset III from the time she began her employment until approximately April 2013. Nidia Valle trained Plaintiff Fatima Jiron. Throughout that time, Nidia Valle was responsible for setting Plaintiff's rate of pay, work schedule and hours and Plaintiff reported directly to her. (Plaintiff Fatima Del Socorro Marin Jiron's Responses to Defendant's First Set of Interrogatories ¶7, 8 and Deposition of Fatima Jiron, Pages 7, 10, 20-21, attached as Exhibit 2 hereto).[4]

4.      Fatima Jiron worked from 6:00 a.m. to 6:00 p.m. and did not reside on the premises of Sunset II or Sunset III. Fatima Jiron slept at the premises of Sunset III Friday through Sunday. (Deposition of Fatima Jiron, Pages 10, 13).

5.      Nidia Valle paid Fatima Jiron on a weekly basis for her work at Sunset II and III until April 2013. (Fatima Jiron Deposition, Pages 12, 22).

6.      On or about April 2013 Defendant Jorge Valle began paying Defendant Fatima Jiron directly for her work at Sunset III. (Fatima Jiron Deposition, Pages 22-23).

7.      Plaintiff Aracellys Marin[5] was employed by Sunset Gardens II from on or about February 8, 2008 until July 1, 2010 and then from January 1, 2012 through June 16, 2013. (Plaintiff Aracellys Jiron Marin's Responses to Defendants' First Set of Interrogatories, ¶ 3 attached as Exhibit 3 hereto; Deposition of Aracellys Marin, Pages 5, 6, attached as Exhibit 4 hereto).

8.      Plaintiff Aracellys Marin only worked at Sunset III a few days for a few hours and does not recall when. It was only on a few occasions. (Deposition of Aracellys Marin, Page 7).

9.      When Plaintiff Aracellys Marin took time off from work she asked Nidia Valle for permission. (Deposition of Aracellys Marin, Page 9).

---

[4]     Although only certain pages of Plaintiffs' depositions are referenced herein, the entire depositions are attached for the Court's easier reference.

[5]     Plaintiff Aracellys Del Socorro Jiron Marin will be referred to herein as "Aracellys Marin."

2

10.     Nidia Valle trained Aracellys Marin for her employment at Sunset II. (Deposition of Aracellys Marin, Page 10).

11.     Nidia set Plaintiff Aracellys Marin's schedule, hours and rate of pay. (Plaintiff Aracellys Jiron Marin's Responses to Defendants' First Set of Interrogatories, ¶7, 8; Deposition of Aracellys Marin, Page 10).

12.     On or about May 2013, Lissette Torres became Plaintiff Aracellys Marin's direct supervisor and was in charge of setting her schedule, hours and rate of pay. On June 2013 Lissette Torres terminated Aracellys Marin's employment. (Plaintiff Aracellys Jiron Marin's Responses to Defendants' First Set of Interrogatories, ¶7, 8; Deposition of Aracellys Marin, Pages 11, 12 and 22).

13.     Defendant Jorge Valle only visited the premises of Sunset II when Nidia Valle was not available. (Plaintiff Aracellys Jiron Marin's Responses to Defendants' First Set of Interrogatories, ¶7, 8).

14.     Nidia Valle would visit Sunset II during the day, would check on Plaintiff Aracellys Marin and would do the grocery shopping (Deposition of Aracellys Marin, Page 11).

15.     Nidia Valle paid Aracellys Marin's salary at the end of each week. (Deposition of Aracellys Marin, Page 11).

16.     Aracellys Marin resided on the premises of Sunset II throughout her employment. Starting on or about July 2010 she slept in a room on the property by the pool with her boyfriend, Daniel Urbina. Nidia Valle authorized her to do so. She did not pay rent, utilities or purchase groceries. (Deposition of Aracellys Marin, Pages 11-13).

17.     Nidia Valle or Lissette Torres would set the staffing patterns scheduling shifts for Sunset II. (Deposition of Aracellys Marin, Page 19).

18.     Defendant Jorge Valle paid Aracellys Marin on rare occasions.  (Deposition of Aracellys Marin, Page 21).

19.     Defendant Flor Alvarez[6] was employed at Sunset II from on or about June 17, 2007 to December 8, 2013.  She took approximately six weeks of leave.  (Plaintiff Flor De Marin Alvarez's Responses to Defendants' First Set of Interrogatories, ¶3, attached as Exhibit 5 hereto; Deposition of Flor Alvarez, Page 5, attached as Exhibit 6 hereto).

20.     Nidia Valle hired Flor Alvarez to work at Sunset II, located at 11173 SW 112th Ave, and set her rate of pay at $220.00 per week.  In 2011 Nidia Valle raised Flor Alvarez's salary to $420.00 per week.  (Deposition of Flor Alvarez, Pages 7, 23).

21.     Flor Alvarez worked at Sunset III for one week only and does not remember which year.  (Deposition of Flor Alvarez, Page 8).

22.     Throughout her employment at Sunset II, Flor Alvarez resided on the premises of Sunset II with two of her daughters, Teresa and Aracellys.  She felt like it was her own house.  She ate from the groceries Nidia Valle purchased.  (Deposition of Flor Alvarez, Pages 11, 15, 20, 24).

23.     Nidia Valle ordered that the residents of Sunset II have dinner by 5:00 p.m.  (Deposition of Flor Alvarez, Page 14).

24.     Nidia Valle trained Flor Alvarez when she began her employment. Nidia Valle took Flor Alvarez to a CPR class.  (Deposition of Flor Alvarez, Pages 14, 30).

25.     Nidia Valle frequented Sunset II because she was the manager and owner.  Nidia paid Flor Alvarez each week.  (Deposition of Flor Alvarez, Page 15).

26.     When she started working at Sunset II, Defendant Jorge Valle resided in Nicaragua.  (Deposition of Flor Alvarez, Page 16).

---

[6]     Defendant Flor De Maria Marin Alvarez will be referred to herein as "Flor Alvarez."

4

27.     Defendant Jorge Valle would visit Sunset II when Nidia Valle was not in the country. (Deposition of Flor Alvarez, Page 17).

28.     Flor Alvarez obtained permission from Nidia Valle to take a bible study class on the premises of Sunset II for approximately one hour per week for approximately fifteen weeks. (Deposition of Flor Alvarez, Pages 20, 21).

29.     Flor Alvarez attended church Saturday evenings from 7:00 to 9:30 p.m.  (Deposition of Flor Alvarez, Page 21).

30.     Nidia Valle was Flor Alvarez's boss, and she asked Nidia Valle for permission every time she needed to do something.  Nidia Valle was Flor Alvarez's supervisor and was in charge of setting her schedule, work hours and rate of pay. From May 2013 to December 8, 2013, Lissette Torres was Plaintiff's supervisor.  (Plaintiff Flor De Marin Alvarez's Responses to Defendants' First Set of Interrogatories, ¶7, 8; Deposition of Flor Alvarez, Pages 22, 27).

31.     Flor Alvarez recommended her daughter Aracellys to Nidia Valle because Aracellys spoke English.  (Deposition of Flor Alvarez, Page 24).

32.     Nidia Valle left Lissette Torres in charge and Lissette Torres threw away Plaintiff Flor Alvarez's paperwork. Lissette Torres fired Flor Alvarez in December 2013 (Deposition of Flor Alvarez, Pages 27, 28).

33.     Flor Alvarez contacted Ms. Quintana, the daughter of one of the residents, to let her know she was being terminated.  She believes Ms. Quintana contacted the Department of Children and Families. (Deposition of Flor Alvarez, Page 29).

34. Teresa Marin[7] worked at Sunset II from May 8, 2011 to December 8, 2013. (Plaintiff Teresa Jiron Marin's Responses to Defendants' First Set of Interrogatories at ¶3, attached as Exhibit 7 hereto; Deposition of Teresa Marin, Page 5, attached as Exhibit 8 hereto).

35. Teresa Marin left her employment at Walmart to work at Sunset II with her mother and sister to earn more money. Nidia Valle set Teresa Marin's rate of pay at $420.00 per week. (Deposition of Teresa Marin, Page 7, 15).

36. Teresa Marin worked exclusively at Sunset II throughout the relevant period. (Deposition of Teresa Marin, Page 8).

37. Nidia Valle was the owner of Sunset II. When Nidia Valle was in Miami, she visited Sunset II almost daily. Nidia Valle would do the grocery shopping for Sunset II. (Deposition of Teresa Marin, Page 8).

38. When Nidia Valle was not in Miami, then Jorge Valle would visit Sunset II. (Deposition of Teresa Marin, Page 8).

39. Nidia Valle was Teresa Marin's direct supervisor. Nidia Valle set Teresa Marin's rate of pay, schedule and hours. (Plaintiff Teresa Jiron Marin's Responses to Defendants' First Set of Interrogatories at ¶7, 8; Deposition of Teresa Marin, Page 9).

40. Teresa Marin resided on the premises of Sunset II with her mother Flor and her sister Aracellys during the entire time of her employment. She did not pay rent, utilities or buy groceries. (Deposition of Teresa Marin, Pages 9, 10).

41. Sunset II had six full-time residents and two "day-care" residents who were only there during the day. (Deposition of Teresa Marin at 15; Deposition of Aracellys Marin at 8).

---

[7] Plaintiff Teresa Ines Jiron Marin will be referred to herein as "Teresa Marin."

42.     Sometime between June and July 2013, Lissette Torres gave Teresa Marin a raise of $30.00 per week at Nidia Valle's direction. (Deposition of Teresa Marin, Page17).

43.     The Staffing Pattern was the schedule which was prepared by Nidia Valle. (Deposition of Teresa Marin, Pages 17, 18).

44.     On occasion, Teresa Marin would ask Nidia Valle for permission to stay at her son's house over night. (Deposition of Teresa Marin, Page 22).

45.     Nidia Valle took Teresa Marin to "La Esperanza" to take classes and Nidia Valle paid for the classes.  Copies of the certificates obtained after the classes were kept in Teresa Marin's personnel file. (Deposition of Teresa Marin, Pages 22, 23).

46.     Nidia Valle left to Nicaragua sometime in May or June of 2013.  She left Lissette Torres responsible for the employees.  Lissette Torres would be responsible for purchasing food, doing the paperwork, putting information on the board, the facility's licenses and paying the employees. (Deposition of Teresa Marin, Pages 24, 25).

47.     Jogava, Inc. (Sunset II) had the following gross sales:

    2007   $68,180.00

    2008   $129,937.00

    2009   $143,210.00

    2010   $135,964.00

    2011   $126,487.00

    2012   $130,231.00

    2013   $132,371.00

(Exhibit 9 attached hereto).

48. Gajova, Inc. (Sunset III) had the following gross sales:

   2009   $65,165.00

   2010   $132,226.00

   2011   $122,690.00

   2012   $138,460.00

   2013   $129,575.00

   (Exhibit 10 attached hereto).

49. Defendant Jorge Valle and Nidia Valle were divorced on May 2, 2011.  (Exhibit 11 attached hereto).

50. Pursuant to the terms of the parties' Marital Settlement Agreement for Dissolution of Marriage dated March 22, 2011, Defendant Jorge Valle retained 100% ownership of Gajova, Inc. (Sunset III) and Nidia Valle retained 100% ownership of Jogava, Inc. (Sunset II).  (Exhibit 11)

51. On or about May 13, 2013, Nidia Valle corresponded with Ms. Frazier of the Florida Department for Health Care Administration (AHCA) to inform them of the change in ownership of the corporations.  (Exhibit 12 attached hereto).

52.  At all times material, Nidia Valle was the Administrator of Sunset II.  (Exhibit 13 attached hereto).

53. Nidia Valle ran the daily operations of Sunset II and Sunset III.  She hired and trained the employees, set their rate of pay, schedules and work hours.  Jorge Valle only visited Sunset II and III occasionally when Nidia Valle was out of town.  (Affidavit of Jorge E. Valle).

54.  Jorge Valle is the owner of Defendant Gajova, Inc. (Sunset III).  Ladisbel Hernandez is the current administrator of Sunset III.  (Affidavit of Jorge E. Valle and  Exhibit 15 attached hereto).

55.     Sunset II was located at 11173 SW 112 Terrace, Miami, Florida.  It is a private residence, titled to "Ileana Molina Revocable Trust" and is approximately 2,749 square feet. Sunset II was licensed by the State of Florida Agency for Health Care Administration as an Assisted Living Facility. Only six residents were permitted to reside at Sunset II during all relevant times.  Sunset II was closed on February 5, 2014.  (Affidavit of Jorge E. Valle and Exhibits 14 and 16 attached hereto).

56.     Sunset III is located at 12732 SW 93rd Street, Miami, Florida.  It is a private residence titled to " Jorge Valle & Nidia Valle" and is approximately 2,474 square feet.  Sunset III was licensed by the State of Florida Agency for Health Care Administration as an Assisted Living Facility. Only six residents were permitted to reside at Sunset III during all relevant times. (Affidavit of Jorge Valle and Exhibits 14 and 15 attached hereto).

57.     Plaintiffs Aracellys Marin, Teresa Marin and Flor Alvarez only filed suit against Defendant Jorge Valle and Jogava, Inc. (Sunset II).  (Plaintiffs' Second Amended Complaint Document 15 in Case No. 13-CV-24383-KMW).

58.     All Plaintiffs had similar duties throughout their employment.  Each Plaintiff described their daily routine as including helping the residents to bathe, dress and eat.  They also state they helped administer medications, cooked meals, did laundry, made beds and cleaned, played games with them and kept them company.  (Deposition of Fatima Jiron, Page 7; Deposition of Teresa Jiron, Pages 9; 11-12; Deposition of Aracellys Jiron, Pages 8, 10; Deposition of Flor Alvarez, Pages 9-14).

59.     Sunset II was considered the permanent residence of each of the six residents living on the premises.  Each received mail and correspondence.  Each received visits from family members and doctors at the premises. (Deposition of Teresa Marin, Page 15).

Respectfully submitted,


By: s:/Blanca R. Sordo
Blanca R. Sordo
FBN 0196037

MARTINEZ & SORDO, P.A.
Attorneys for Defendants
7300 North Kendall Drive
Suite 380
Miami, Florida 33156
Tel (305) 670-6767
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 15th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: s:/Blanca R. Sordo
      Blanca R. Sordo

      MARTINEZ & SORDO, P.A.
      Attorneys for Defendants
      9350 South Dixie Highway
      10th Floor
      Miami, Florida 33156
      Tel (305) 671-1307
      Fax (786) 472-7030
      E-mail: Blanca @martinezsordolaw.com

**SERVICE LIST**
**Fatima Del Socorro Marin Jiron, et al. v. Gajova, Inc., et al.**
CASE NO. 13-CV-21795-CV-SIMONTON
[CONSENT CASE]
**Southern District of Florida**

J.H. Zidell, Esq.,
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

K. David Kelly
 J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF