UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON et al.,

        Plaintiffs,

vs.

GAJOVA, INC. d/b/a SUNSET GARDENS III et al.,

        Defendants.

_____

**PLAINTIFF FATIMA DEL SOCORRO MARIN JIRON'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**COMES NOW**, Plaintiff FATIMA DEL SOCORRO MARIN JIRON, by and through undersigned counsel, and hereby responds (the "Response") to the above-referenced Interrogatories served on or about December 22, 2014, as follows. Plaintiff's Response in no way waives (but rather reserves) any rights that she may have pursuant to the Federal Rules of Civil Procedure, including, but not limited to, rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, *inter alia*, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including, but not limited to, the Federal Rules of Civil Procedure.

        Respectfully Submitted,

        Julia M. Garrett, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By: /s/ Julia M. Garrett
            Julia M. Garrett, Esq.
            Florida Bar Number: 0105151

1. **Identify all individual(s) answering these Interrogatories or assisting with the preparation of the responses.**

   Plaintiff with her attorney.

2. **Identify the individual(s) responsible for completing and filing all personal tax returns for Plaintiff for the years 2008 through 2013.**

   Doris Polanco, Doris Accounting and Tax Services, Corp., 10154 West Flagler Street, Miami, FL 33174. Phone: (305) 480-0269. Responsible for tax filings from 2008 - 2011.

   Rene Espinoza, address unknown. Phone: (305) 299-9617. Responsible for tax filings for 2012.

   Gustavo Matas, GEM Income Tax Services, 10690 SW 7th Terrace, Miami, FL 33174. Phone: (305) 479-2373. Responsible for tax filings for 2013.

3. **State with specificity your dates of employment and rates of pay for Defendant Jogava, Inc.**

   Plaintiff worked for Defendants from July 12, 2008 until May 8, 2013. Started working at the Sunset Gardens II location, then in or around February 2009, Plaintiff was transferred to the Sunset Gardens III location. Her average rate of pay during all of Plaintiff's employment was $2.50 per hour.

4. **State with specificity your dates of employment and rates of pay for Defendant Gajova, Inc.**

   Jogava, Inc. and Gajova, Inc. are joint enterprises. Therefore, see Plaintiff's response to Interrogatory 3, above.

5. **Describe your weekly work schedule while employed by Jogava, Inc.**

   Pursuant to *Anderson v. Mt. Clemens* Pottery Co., 328 U.S. 680 (1946), Plaintiff has provided her best approximation as to the hours she worked on a weekly basis. Said approximation is based upon Plaintiff working the following weekly schedule: an average of 24 hours, 7 days a week. Plaintiff therefore worked an average of 168 hours per week.

6. **Describe your weekly work schedule while employed by Gajova, Inc.**

    Jogava, Inc. and Gajova, Inc. are joint enterprises. Therefore, see Plaintiff's response to Interrogatory 5, above.

7. **Identify all individuals who were your supervisors, who set your work schedule, hours and rates of pay and anyone else to whom you reported, for all periods of employment with Jogava, Inc.**

    From the start of Plaintiff's work at Sunset Gardens II, until May 2013, Nidia Valle was Plaintiff's supervisor and had the power to set Plaintiff's schedule, hours, and rate of pay. If Nidia Valle was not available, Jorge Valle operated as Plaintiff's supervisor with the power to set Plaintiff's schedule and hours.

    From in or around April 2013 until Plaintiff's employment was terminated on May 8, 2013, Jorge Valle operated as Plaintiff's supervisor with the power to set Plaintiff's schedule and hours.

8. **Identify all individuals who were your supervisors, who set your work schedule, hours and rates of pay and anyone else to whom you reported, for all periods of employment with Gajova, Inc.**

    Jogava, Inc. and Gajova, Inc. are joint enterprises. Therefore, see Plaintiff's response to Interrogatory 7, above.

9. **Identify all of Plaintiff's co-workers during Plaintiff's employment with Gajova, Inc.**

    Francis Prado, address unknown, (305) 896-9388
    Oleyma Mantrana, address unknown, (786) 800-1893
    Ramona Delgado, address unknown, (786) 942-0026
    Marta Salas, address unknown, (786) 486-1511.
    Flor de Maria Marin Alvarez, Plaintiff's mother, (786) 349-8451.
    Aracellys Marin, Plaintiff's sister, (786) 972-2240.

10. **Identify all of your co-workers during your employment with Jogava, Inc.**

    Jogava, Inc. and Gajova, Inc. are joint enterprises. Therefore, see Plaintiff's response to Interrogatory 9, above.

11. **Identify all your sources of income from 2008 through present.**

    Plaintiff objects to this interrogatory on the grounds it asks for financial data outside the temporal scope of the claim. Notwithstanding the objection, with regards to the period within the temporal scope of her claim, Plaintiff had no income other than that received from Defendants.

12. **State whether at any time between 2008 and 2013 you were enrolled in any educational program or institution. Please state with specificity all classes in which you were enrolled and your class schedule for all periods of time between 2008 and 2013.**

    Plaintiff recalls that she went to several classes in connection with her training to work at Sunset Gardens II and Sunset Gardens III. Plaintiff recalls that she went to at least three classes, but only recalls the specifics of 2. She attended 2 CPR classes in Hialeah. She also attended a class on STD's. Plaintiff does not recall the specific organizational name for the third class but does recall the Hialeah classes were provided by a company called La Esperanza.

13. **Identify all of your employers between 2008 and the present.**

    Plaintiff objects to this interrogatory on the grounds it asks for employment data outside the temporal scope of the claim. Notwithstanding the objection, Plaintiff worked at Wendy's from on or about July 17, 1996 until July 4, 2008. She worked for Defendants from July 12, 2008 until May 8, 2013. Plaintiff has worked at Wendy's from July 9, 2013 until the present time.

14. **Describe with specificity all of your duties while employed by Defendant Gajova, Inc.**

    Jogava, Inc. and Gajova, Inc. are joint enterprises. Therefore, see Plaintiff's response to Interrogatory 15, below.

15. **Describe with specificity all of your duties while employed by Defendant Jogava, Inc.**

    Plaintiff's duties related to the direct care of residents included but were not limited to: bathe residents, wash residents' hair, dry residents' hair, style residents' hair, color residents' hair, cut residents' hair, apply lotion to residents, shave residents, wash residents' hands, brush residents' teeth, clean residents' dentures, help residents to the bathroom, assist residents in going to the bathroom, sitting on and getting up from the toilet, dress residents or assist them in getting

dressed, change residents' diapers, clean residents after accidents, take residents' blood pressure, and administer medication to residents.

Plaintiff's other duties included but were not limited to: help residents set up the activity or activities the residents wished to do, including putting on music, setting up games, such as puzzles, and cleaning up for residents after activities, take residents out for walks, prepare food to feed to residents for meals and snacks, feed meals to residents and help clean up after meals, clean the house, including the floors and bathrooms, do laundry daily including washing, drying, folding, hanging, and organizing clean laundry, get food or drinks for residents in the middle of the night or at any moment, wash the patio outside, and do landscaping, such as cutting the bushes and cleaning up brush.

Plaintiff's food preparation duties included but were not limited to: prepare all food for all meals and wash all the dishes and clean the kitchen after all meals, dry the dishes, and put dishes away, take out trash.

16. **Identify all materials, tools, equipment, etc. necessary for the performance of the work described in response to Interrogatories 14 and 15 above.**

   Regarding resident care, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: shampoo, soap, towels, toothbrush, toothpaste, lotion, powder, tweezers, razors, scissors, diapers, baby wipes, and rash cream.

   Regarding cleaning duties, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: broom, mop, cleaning spray, bleach, towels, paper towels, gloves, glass cleaner, and water hose.

   Regarding laundry duties, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: laundry detergent, liquid fabric softener, washing machine, dryer, laundry baskets, and clothes hangers.

   Regarding medical care, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: pill organizer, patients' medication, small white pill distribution cups, and a blood pressure cuff.

   Regarding food preparation, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: plates, cups, spoons, forks, knives, coffee cups, bowls, pans, pots, spoons, sink, stove, refrigerator, oven, microwave, can opener, colander, blender, baking dishes, sponges, gloves, hand towels, and dishwashing liquid.

17. **If the work described in Paragraphs 14 and 15 above requires any special training or education, describe all said training and education you received. Include dates, location, cost of training and by whom the cost was paid.**

    The duties described in Paragraph 14 and 15 involved training described in Plaintiff's response to Interrogatory 12. Plaintiff did not pay for said training, and is unaware of the specific costs related to said training and by whom exactly it was paid.

18. **Identify all individuals with knowledge regarding the allegations raised in your Amended Complaint, whether you intend to call them at trial or not.**

    Orlando Gonzalez, (305) 481-4332. Address: 14105 SW 117 Avenue, Miami, FL 33186.

    John Czens, (305) 773-4030. Address: 11153 SW 112 Terrace, Miami, FL 33176.

    Francis Prado, address unknown, (305) 896-9388.

 

Respectfully submitted,

**J.H. Zidell, P.A.**
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
    Julia M. Garrett, Esq.
    Florida Bar Number: 105151

## NOTARY ATTESTATION

I, **FATIMA DEL SOCORRO MARIN JIRON**, WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (**EIGHTEEN** TOTAL) DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.

_____

State of _Florida_ )
County of _Miami Dade_ )

The foregoing instrument was acknowledged before me on this __19__ day of _January_, 2015, by _Fatima MARIN Jiron_, who is personally known to me or has produced _____FDL_____ as a valid form of identification
(Type of identification)

for these purposes.

_____
Notary public--sign

_Aleida Menir_
Notary public--print

__FF174224___ __11/5/18___
Commission number and expiration date of same

### INTERPRETER'S ACKNOWLEDGEMENT:

On _January 19_, 2015, _Fatima MARIN Jiron_, personally known to me, affirmed that the foregoing was translated for _Fatima MARIN Jiron_ and that she fully understood and affirmed the contents of the foregoing.

_____
(Interpreter's Signature)



Aleida Menir
COMMISSION # FF174224
EXPIRES: November 5, 2018
WWW.AARONNOTARY.COM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF FATIMA DEL SOCORRO MARIN JIRON'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES was sent via e-mail to Blanca Rosa Sordo, Esq., Martinez & Sordo, PA, 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, fax: (305) 670-7065, e-mail: blanca@martinezsordolaw.com, on this 23rd day of January, 2015.

**J.H. Zidell, P.A.**
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar Number: 105151