UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON et al.,

        Plaintiffs,

vs.

GAJOVA, INC. d/b/a SUNSET GARDENS III et al.,

        Defendants.

_____

**PLAINTIFF FLOR DE MARIA MARIN ALVAREZ'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**COMES NOW**, Plaintiff FLOR DE MARIA MARIN ALVAREZ, by and through undersigned counsel, and hereby responds (the "Response") to the above-referenced Interrogatories served on or about December 22, 2014, as follows. Plaintiff's Response in no way waives (but rather reserves) any rights that she may have pursuant to the Federal Rules of Civil Procedure, including, but not limited to, rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, *inter alia*, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including, but not limited to, the Federal Rules of Civil Procedure.

        Respectfully Submitted,

        Julia M. Garrett, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By: /s/ Julia M. Garrett
            Julia M. Garrett, Esq.
            Florida Bar Number: 0105151

1. **Identify all individual(s) answering these Interrogatories or assisting with the preparation of the responses.**

   Plaintiff with her attorney.

2. **Identify the individual(s) responsible for completing and filing all personal tax returns for Plaintiff for the years 2008 through 2013.**

   Plaintiff objects to this interrogatory as irrelevant and harassing, and unlikely to lead to the discovery of admissible evidence.

3. **State with specificity your dates of employment and rates of pay for Defendant Jogava, Inc.**

   Plaintiff worked for Defendants from June 17, 2007 until December 8, 2013, with the exception of approximately 6 weeks of personal leave that Plaintiff took over the course of her employment with Defendants. Her average rate of pay during all of Plaintiff's employment was $2.50 per hour.

4. **State with specificity your dates of employment and rates of pay for Defendant Gajova, Inc.**

   Plaintiff worked at Sunset II, which is a joint enterprise with Gajova, Inc.

5. **Describe your weekly work schedule while employed by Jogava, Inc.**

   Pursuant to *Anderson v. Mt. Clemens* Pottery Co., 328 U.S. 680 (1946), Plaintiff has provided her best approximation as to the hours she worked on a weekly basis. Said approximation is based upon Plaintiff working the following weekly schedule: an average of 24 hours, 7 days a week. Plaintiff therefore worked an average of 168 hours per week.

6. **Describe your weekly work schedule while employed by Gajova, Inc.**

   Plaintiff worked at Sunset II, which is a joint enterprise with Gajova, Inc. Therefore, refer to the response in Interrogatory 5.

7. **Identify all individuals who were your supervisors, who set your work schedule, hours and rates of pay and anyone else to whom you reported, for all periods of employment with Jogava, Inc.**

 From the start of Plaintiff's work at Sunset Gardens II, until May 2013, Nidia Valle was Plaintiff's supervisor and had the power to set Plaintiff's schedule, hours, and rate of pay. If Nidia Valle was not available, Jorge Valle operated as Plaintiff's supervisor with the power to set Plaintiff's schedule and hours.

 From May 2013 until Plaintiff's employment was terminated on December 8, 2013, Lisette Torres was Plaintiff's supervisor and had the power to set Plaintiff's schedule, hours, and rate of pay. If Lisette Torres was not available, Jorge Valle operated as Plaintiff's supervisor with the power to set Plaintiff's schedule and hours.

8. **Identify all individuals who were your supervisors, who set your work schedule, hours and rates of pay and anyone else to whom you reported, for all periods of employment with Gajova, Inc.**

 Plaintiff worked at Sunset II, which is a joint enterprise with Gajova, Inc. Therefore, refer to the response in Interrogatory 7.

9. **Identify all of Plaintiff's co-workers during Plaintiff's employment with Gajova, Inc.**

 Plaintiff worked at Sunset II, which is a joint enterprise with Gajova, Inc. Therefore, refer to the response in Interrogatory 10.

10. **Identify all of your co-workers during your employment with Jogava, Inc.**

 Teresa Marin, Plaintiff's daughter, (786) 349-8451.
 Aracellys Marin, Plaintiff's daughter, (786) 972-2240.

11. **Identify all your sources of income from 2008 through present.**

 Plaintiff objects to this interrogatory on the grounds it asks for financial data outside the temporal scope of the claim. Notwithstanding the objection, with regards to the period within the temporal scope of her claim, Plaintiff had no income other than that received from Defendants.

12. **State whether at any time between 2008 and 2013 you were enrolled in any educational program or institution. Please state with specificity all classes in which you were enrolled and your class schedule for all periods of time between 2008 and 2013.**

Plaintiff recalls that she went to several classes in connection with her training to work at Sunset Gardens II, such as HIPAA Compliance Training and Emergency Preparedness Training. The majority of these trainings were conducted on-site at Sunset Gardens II, but between one and three trainings were conducted at Larkin. Plaintiff submits the training certificates in her Response to Defendants' First Request for Production of Documents as evidence of her attendance at the above-described trainings.

13. **Identify all of your employers between 2008 and the present.**

Plaintiff objects to this interrogatory on the grounds it asks for employment data outside the temporal scope of the claim. Notwithstanding the objection, Plaintiff worked for Defendants from June 17, 2007 until December 8, 2013. Plaintiff has not had any employers since working for Defendants until the present time.

14. **Describe with specificity all of your duties while employed by Defendant Gajova, Inc.**

Plaintiff worked at Sunset II, which is a joint enterprise with Gajova, Inc. Therefore, refer to the response in Interrogatory 15.

15. **Describe with specificity all of your duties while employed by Defendant Jogava, Inc.**

Plaintiff's duties related to the direct care of residents included but were not limited to: bathe residents, wash residents' hair, dry residents' hair, style residents' hair, color residents' hair, cut residents' hair, apply lotion to residents, shave residents, wash residents' hands, brush residents' teeth, clean residents' dentures, help residents to the bathroom, assist residents in going to the bathroom, sitting on and getting up from the toilet, dress residents or assist them in getting dressed, change residents' diapers, clean residents after accidents, take residents' blood pressure, and administer medication to residents.

Plaintiff's other duties included but were not limited to: help residents set up the activity or activities the residents wished to do, including putting on music, setting up games, such as puzzles, and cleaning up for residents after activities, take residents out for walks, prepare food to feed to residents for meals and snacks, feed meals to residents and help clean up after meals, clean the house, including the floors and bathrooms, do laundry daily including washing, drying, folding, hanging, and organizing clean laundry, get food or drinks for residents in the middle of the night or at any moment, wash the patio outside, and do landscaping, such as cutting the bushes and cleaning up brush, mow lawn.

>Plaintiff's food preparation duties included but were not limited to: prepare all food for all meals and wash all the dishes and clean the kitchen after all meals, dry the dishes, and put dishes away, take out trash.

16. **Identify all materials, tools, equipment, etc. necessary for the performance of the work described in response to Interrogatories 14 and 15 above.**

    Regarding resident care, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: shampoo, soap, towels, toothbrush, toothpaste, lotion, powder, tweezers, razors, scissors, diapers, baby wipes, and rash cream.

    Regarding cleaning duties, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: broom, mop, cleaning spray, bleach, towels, paper towels, gloves, glass cleaner, and water hose.

    Regarding laundry duties, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: laundry detergent, liquid fabric softener, washing machine, dryer, laundry baskets, and clothes hangers.

    Regarding medical care, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: pill organizer, patients' medication, small white pill distribution cups, and a blood pressure cuff.

    Regarding food preparation, the materials, tools, equipment, etc. necessary for Plaintiff's performance of the work included but were not limited to: plates, cups, spoons, forks, knives, coffee cups, bowls, pans, pots, spoons, sink, stove, refrigerator, oven, microwave, can opener, colander, blender, baking dishes, sponges, gloves, hand towels, and dishwashing liquid.

17. **If the work described in Paragraphs 14 and 15 above requires any special training or education, describe all said training and education you received. Include dates, location, cost of training and by whom the cost was paid.**

    The duties described in Paragraph 14 and 15 involved training described in Plaintiff's response to Interrogatory 12. Plaintiff did not pay for said training, and is unaware of the specific costs related to said training and by whom exactly it was paid.

18. **Identify all individuals with knowledge regarding the allegations raised in your Amended Complaint, whether you intend to call them at trial or not.**

Orlando Gonzalez, (305) 481-4332. Address: 14105 SW 117 Avenue, Miami, FL 33186.

        Respectfully submitted,

        **J.H. Zidell, P.A.**
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By: /s/ Julia M. Garrett
            Julia M. Garrett, Esq.
            Florida Bar Number: 105151

## NOTARY ATTESTATION

I, **FLOR DE MARIA MARIN ALVAREZ**, WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (**EIGHTEEN** TOTAL) DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.

_Flor Marin_

State of _Florida_ )
County of _Miami-Dade_ )

The foregoing instrument was acknowledged before me on this __19__ day of __January__, 2015, by __Flor MARIN__, who is personally known to me or has produced __FDL__ as a valid form of identification
(Type of identification)
for these purposes.

_Aleida Menir_
Notary public--sign

_Aleida Menir_
Notary public--print

__FF174224__
Commission number and expiration date of same

### INTERPRETER'S ACKNOWLEDGEMENT:

On __January 19__, 2015, __Flor MARIN__, personally known to me, affirmed that the foregoing was translated for __Flor MARIN__ and that she fully understood and affirmed the contents of the foregoing.

_Mary Wallen_
(Interpreter's Signature)

Aleida Menir
COMMISSION # FF174224
EXPIRES: November 5, 2018
WWW.AaronNotary.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF FLOR DE MARIA MARIN ALVAREZ'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES was sent via e-mail to Blanca Rosa Sordo, Esq., Martinez & Sordo, PA, 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, fax: (305) 670-7065, e-mail: blanca@martinezsordolaw.com, on this 23rd day of January, 2015.

**J.H. Zidell, P.A.**
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar Number: 105151