UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-WILLIAMS

FATIMA DEL SOCORRO MARIN JIRON

        Plaintiff,

v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III and
JORGE E. VALLE

        Defendants.

_____

## DEFENDANT GAJOVA, INC., AND JORGE E. VALLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, Jorge Valle and Gajova, Inc., by and through undersigned counsel, hereby respond and object to Plaintiff's First Set of Interrogatories to Defendants and state:

### PRELIMINARY STATEMENT

1. The instant Response is submitted exclusively on behalf of Defendants Gajova, Inc. and Jorge Valle.

2. Defendants state that their investigation of this matter is ongoing. These responses and objections are made based on the information available at this time. These responses are made without prejudice and Defendants reserve the right to rely on other facts, documents or witnesses at trial.

3. Defendants reserve the right to supplement or correct its responses and to assert any additional objections or privilege.

## GENERAL OBJECTIONS

1. Defendants object to all Interrogatories to the extent that they may impose any obligation greater than those required by the Federal Rules of Civil Procedure.

2. Defendants object to each Interrogatory on the grounds that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to any Interrogatory pertaining to expert witness testimony as such request is premature.

4. Defendants object to Definition 1 in that it includes Jogava, Inc., in the definition.

## DEFENDANTS' RESPONSES

1. Defendants object to this Interrogatory on the basis that it seeks confidential personal information. Notwithstanding this objection and without waiving it, Defendants state:

   Jorge Valle

   c/o Martinez & Sordo, P.A.

2. Plaintiff earned approximately $360.00 per week for approximately 39 hours of work. Her hourly rate was $9.23. Plaintiff received no bonuses or commissions and worked no overtime.

3. Ladisbel Hernandez - New Administrator at Sunset Gardens III

   2225 SW 58 Ct. Miami, Florida 33155. Has knowledge of Plaintiff's hours and wages.

   Marta Salas – Plaintiff's Co-worker

   25321 SW 127th Ave.

   Has knowledge of Plaintiff's hours and wages. Princeton, Fl 33032

4. Accountant for relevant period:     Steven R. Goldey, CPA, P.A.

   4014 Chase Ave. Suite 218

Miami Beach, Fl 33140

5. To Defendants' knowledge Plaintiff did not work overtime on any weeks during the relevant time period. Plaintiff was scheduled to work approximately 39 hours per week and had a flexible work schedule.

6. Defendants object to this Interrogatory on the basis it seeks privileged information protected by the attorney-work product doctrine. Notwithstanding this objection and without waiving same, Defendants state - None at this time.

7. As to:

Affirmative Defense 1 – Defendants state they do not engage in interstate commerce. Defendant Gajova operates a private house where elderly residents reside.

Affirmative Defense 2 – See Defendant Gajova's tax returns for years 2009 through 2012 provided with Defendants' Response to Plaintiff's Request for Production.

Affirmative Defense 3 – Plaintiff cooked and cleaned at Gajova's premises and helped bathe residents when necessary. She did not engage in any way in interstate commerce.

Affirmative Defense 4 – See Defendant Valle's passport provided with Defendants' Response to Plaintiff's Request for Production. Defendant operates a business in Nicaragua and was seldom in Florida during the relevant time period. Therefore, he does not qualify as an employer.

Affirmative Defense 5 – Plaintiff's hours and wages were set when Defendant Valle purchased the business. Further, he was not directly in charge of Plaintiff's schedule, hours, or pay.

Affirmative Defense 6 – Plaintiff seeks wages exceeding the relevant statute of limitations. Those claims are time-barred.

Affirmative Defense 7 – Plaintiff cannot establish coverage under the Act nor a violation by Defendants.

Affirmative Defense 8 – Any amounts owed to Plaintiff would be *de minimis* as she was properly compensated for all hours worked and received an overpayment upon her departure.

Affirmative Defense 9 – Plaintiff received an overpayment of $5,800.00 from Defendants.

Affirmative Defense 10 – Plaintiff worked in the morning and afternoons. During mid-day Plaintiff was free to leave the premises and, in fact, left the premises.

Affirmative Defense 11 – See response relating to Affirmative Defense 10 above.

Affirmative Defense 12 – Upon information and belief, Plaintiff had other sources of income during the relevant time period.

Affirmative Defenses – The court lacks jurisdiction as Defendants are not subject to the FLSA.

8. Defendants' tax returns.

9. Defendants' tax returns.

10. Defendants object to this Interrogatory on the grounds that it seeks information which is not relevant nor likely to lead to the discovery of admissible evidence.

11. None.

12. Defendants object to this Interrogatory on the grounds that it prematurely seeks information regarding expert witness testimony. To the extent any such expert will be

retained all pertinent information will be provided at the time set forth in the Scheduling Order.

13. Defendants object to this Interrogatory on the basis that it requests information which is outside the statutory relevant period and time-barred by the statute of limitations. Notwithstanding this objection and without waiving it, Defendants state: Gross annual income for Defendant Gajova, Inc. during the relevant time period: 2010 $132.226; 2011 $122,690; 2012 $138.460;

14. Defendants have no vendors. Defendants only purchased groceries and common household goods at local grocery stores.

15. Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome as it requires Defendants to inspect each item purchased in its operation. Notwithstanding this objection and without waiving same, Defendants state they only purchased common household goods and groceries for the operation of the residence from local grocery stores.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

By: _____
Jorge Valle
On behalf of Defendants Gajova, Inc. and
Jorge Valle

Sworn to and subscribed before me this 17th day of September 2013 by Jorge Valle, who is personally known to me, in Miami-Dade County, Florida.

_____
Notary Public, State of Florida
BLANCA R. SORDO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE167901
Expires 6/5/2016

Notary Seal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via regular US Mail and electronic mail on this 17th day of September, 2013 to Christopher Cochran, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami, Florida 33141, Attorney for Plaintiff.

By: s:/Blanca R. Sordo
Blanca R. Sordo
FBN 0196037

MARTINEZ & SORDO, P.A.
Attorneys for Defendants
7300 North Kendall Drive
Suite 380
Miami, Florida 33156
Tel (305) 670-6767
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com