UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-WILLIAMS

FATIMA DEL SOCORRO MARIN JIRON

        Plaintiff,

v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III and
JORGE E. VALLE

        Defendant.

_____

## DEFENDANT JOGAVA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, Jogava, Inc., by and through undersigned counsel, hereby responds and objects to Plaintiff's First Set of Interrogatories to Defendant and states:

### PRELIMINARY STATEMENT

1. The instant Response is submitted exclusively on behalf of Defendant Jogava, Inc.

2. Defendant Jogava, Inc. states that its investigation of this matter is ongoing. These responses and objections are made based on the information available at this time. These responses are made without prejudice and Defendant reserves the right to rely on other facts, documents or witnesses at trial.

3. Defendant reserve the right to supplement or correct its responses and to assert any additional objections or privilege.

4. The individual who ran and operated Jogava, Inc., Nidia Valle, recently passed away. Jorge Valle is responding to these Interrogatories in her absence and upon his information and good faith belief, given his limited involvement in the operations of Jogava, Inc.

## GENERAL OBJECTIONS

1.      Defendant objects to all Interrogatories to the extent that they may impose any obligation greater than those required by the Federal Rules of Civil Procedure.

2.      Defendant objects to each Interrogatory on the grounds that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to any Interrogatory pertaining to expert witness testimony as such request is premature.

4.      Defendant objects to Definition 1 in that it includes Gajova, Inc., in the definition.

## DEFENDANT'S RESPONSES

1.      Defendant objects to this Interrogatory on the basis that it seeks confidential personal information. Notwithstanding this objection and without waiving it, Defendant states:

>    Jorge Valle
>    c/o Martinez & Sordo, P.A.

2.      Plaintiff earned approximately $360.00 per week for approximately 39 hours of work. Her hourly rate was $9.23. Plaintiff received no bonuses or commissions and worked no overtime.

3.      Flor Marin – Plaintiff's Mother – has knowledge regarding Plaintiff's employment with Jogava, Inc.

>    Teresa (last name unknown) – Plaintiff's Sister – has knowledge regarding Plaintiff's employment with Jogava, Inc.

4.      Accountant for relevant period:        Steven R. Goldey, CPA, P.A.
                                                4014 Chase Ave. Suite 218
                                                Miami Beach, Fl 33140

5.      Plaintiff did not work for Defendant Jogava, Inc. during the relevant time period. Further, during her employment with Jogava, Inc. (2009 and prior) Plaintiff was scheduled to work approximately 39 hours per week and had a flexible work schedule.

6.      Defendant objects to this Interrogatory on the basis it seeks privileged information protected by the attorney-work product doctrine. Notwithstanding this objection and without waiving same, Defendant states - None at this time.

7.      As to its Affirmative Defenses, Defendant states that the Court lacks jurisdiction over this matter as the FLSA does not apply. Jogava, Inc. does do not engage in interstate commerce. Jogava, Inc. operates a private house where elderly residents reside. Jogava, Inc. did not gross the requisite revenue of $500,000.00 per year for Enterprise coverage under the FLSA. Plaintiff did not individually engage in interstate commerce. Plaintiff seeks wages for time periods exceeding the relevant statute of limitations. Those claims are time-barred. Plaintiff has not worked for Jogava, Inc. since 2009. At all times Jogava, Inc. acted in good faith. Any amounts owed to Plaintiff would be *de minimis* as she was properly compensated for all hours worked. Further, Defendant is entitled to a set-off for all meals consumed by Plaintiff during her employment as well as room and board where applicable. The corporate Defendants, Jogava, Inc. and Gajova, Inc. are separate entities with separate licenses, ownership, residents and finances. Plaintiff worked a variable work schedule which allowed her several hours of free time during the day.

8.      All documents submitted in support of Defendant Jogava's Motion for Summary Judgment.

9.      All documents submitted in support of Defendant Jogava's Motion for Summary Judgment.

10. Defendant objects to this Interrogatory on the grounds that it seeks information which is not relevant nor likely to lead to the discovery of admissible evidence.

11. None.

12. Defendant objects to this Interrogatory on the grounds that it prematurely seeks information regarding expert witness testimony. To the extent any such expert will be retained all pertinent information will be provided at the time set forth in the Scheduling Order.

13. Defendant object to this Interrogatory on the basis that it requests information which is outside the statutory relevant period and time-barred by the statute of limitations. Notwithstanding this objection and without waiving it, Defendant states: Gross annual income for Defendant Jogava, Inc. during the relevant time period:  2012 $130,231.00; 2011 $126,487.00; 2010 $135.964; 2009 $143,210.00.

14. Defendant has no vendors. Defendant only purchased groceries and common household goods at local grocery stores.

15. Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome as it requires Defendant to inspect each item purchased in its operation for a period exceeding the statutory period. Further, the goods purchased throughout the statutory period have been consumed and disposed of on a regular basis and it would be impossible to track each item as requested by this Interrogatory. Notwithstanding this objection and without waiving same, Defendant states it only purchased common household goods and groceries for the operation of the residence from local grocery stores.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

By: _____
Jorge Valle
On behalf of Defendant Jogava, Inc.

Sworn to and subscribed before me this 9th day of October 2013 by Jorge Valle, who is personally known to me, in Miami-Dade County, Florida.

_____
Notary Public, State of Florida

Notary Seal

BLANCA R. SORDO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE167901
Expires 6/5/2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via regular US Mail and electronic mail on this 9th day of October, 2013 to Christopher Cochran, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami, Florida 33141, Attorney for Plaintiff.

By: s:/Blanca R. Sordo
Blanca R. Sordo
FBN 0196037

MARTINEZ & SORDO, P.A.
Attorneys for Defendant
7300 North Kendall Drive
Suite 380
Miami, Florida 33156
Tel (305) 670-6767
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com