UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON et al.,

    Plaintiffs,

vs.

GAJOVA, INC. d/b/a SUNSET GARDENS III et al.,

    Defendants.

_____

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes Now Plaintiff, by and through undersigned counsel and hereby files Plaintiffs' Motion for Summary Judgment and in support thereof state as follows:

**MEMORANDUM OF LAW**

### I.  Introduction

In order to qualify for coverage under the Fair Labor Standards Act ("FLSA"), Plaintiff must show that said business is an "enterprise" pursuant to 29 U.S.C. § 203.

A common method that business are shown to enterprises under the FLSA is for aggrieved employees to show that their former employer had over $500,000 in yearly sales, and dealt significantly in interstate commerce. This is inherently a highly factual analysis which can take up significant time. An alternative method for FLSA coverage to be found is to show that the business is an assisted living facility for the aged. 29 U.S.C. § 203(s)(1)(B). If this Court were to determine now that Defendants are covered under 29 U.S.C. § 203(s)(1)(B), then the Plaintiffs need not present voluminous evidence regarding the origin of items used in commerce.

Defendant business is clearly an assisted living facility for the aged of which § 203(s)(1)(B) applies. Defendants admitted it in their interrogatories, and all facts point to this conclusion. Despite this, Defendants have denied that they qualify as an enterprise under the FLSA. Plaintiffs are moving for Partial Summary Judgment on the sole issue as to whether Defendants qualify for coverage under the FLSA as an enterprise pursuant to 29 U.S.C. § 203(s)(1)(B).

## II. Argument

### A.  Summary Judgment Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., et al., 912 F.2d at 1383. *See also,* Beal v. Paramount Pictures Corporation, 20 F.3d 454, 459 (11th Cir. 1994). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

### B.  FLSA Applicability

A business that qualifies as an "enterprise" under the FLSA must comply with the FLSA. 29 U.S.C. § 203.

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that […] is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or

  not such hospital, institution, or school is public or private or operated for profit or not for profit);[1]

29 U.S.C. § 203(s)(1)(B).

  The word "primarily" need not foreclose a business from being an enterprise even if it engages in other business. "[T]he term "primarily" as used in the statute, does not mean solely. It means principally, essentially, or fundamentally." Marshall, 496 F. Supp. at 358, *citing* Brennan v. Harrison County, Mississippi, 505 F.2d 901, 903 (5th Cir. 1975). This Court previously interpreted this phrase in accordance with U.S. Department of Labor guidelines, describing, "[t]he phrase institution primarily engaged in the care of the sick, the aged, the mentally ill or developmentally disabled who live on the premises means an institution (other than a hospital) primarily engaged in (i.e. more that (sic) 50% of the income is attributable to) providing care to individuals who reside on the premises [...]." Chacon v. El Milagro Child Care Ctr., No. 07-22835-CIV-AMS, 2009 WL 2059910, at *5-6 (S.D. Fla. July 9, 2009). Thus, a business that caters to elderly residents' needs for at least 50% of its business should apply.

  "These definitions determine the bounds of the Act's coverage and are to be read liberally so that the intent of the Act will be furthered." Marshall v. Sunshine & Leisure, Inc., 496 F. Supp. 354, 357 (M.D. Fla. 1980); *citing* Dunlop v. Ashy, 555 F.2d 1228, 1234 (5th Cir. 1977); Shultz v. Mack Farland & Sons Roofing Co., 413 F.2d 1296, 1300 (5th Cir. 1969). "The legislative history of the 1966 amendments indicates Congress intended to extend the coverage of the Act to include employees of hospitals and related institutions, nursing homes, and homes for the aged." Marshall, 496 F. Supp. at 357, *citing* S.R.No.1487, 89th Cong., 2nd Sess., U.S.Code Cong. & Admin.News 3006, 3015 (1966).

---

[1] It should be noted that prior versions of this statute required that employees have handled supplies in interstate commerce. That requirement is no longer necessary. Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, n9 (4th Cir. 1990).

This Court analyzed the requirements to show that a business qualifies under § 203(s)(1)(B) in Chacon v. El Milagro Child Care Ctr., No. 07-22835-CIV-AMS, 2009 WL 2059910, at *4 (S.D. Fla. July 9, 2009). "In determining whether a business meets this definition of enterprise, courts have examined the specific features of a facility at issue." Id. at 3, *citing* Kitchings v. The Florida United Methodist Children's Home, Inc., 393 F.Supp.2d 1282 (M.D.Fla.2005).

This Court analyzed Marshall and found that said court properly found that there was no genuine issue of material fact under the facts of that case, particularly:

> all of the persons residing in the facility were elderly and/or physically debilitated; that employees of the defendant were available 24 hours a day to assist the residents with their personal needs such as getting a glass of milk in the middle of the night or attending to a coughing spell; that the employees "shave residents, give haircuts and provide such personal services as food preparation, maid service, housecleaning, and assistance with personal hygiene;" that the employees assist the residents with walking and bathing, wash clothes, and provide transportation; and that the charter of the corporate defendant stated that the general purpose of the corporation was to house the elderly.

§ 203(s)(1)(B). Id., *citing* 496 F.Supp. at 356–58.

It cannot be reasonably disputed that Defendants' business is an enterprise as defined by the FLSA. Defendants themselves described their business as maintaining a home for the care of elderly residents. There is no genuine issue of material fact as to the status of the business as covered by the FLSA, which would prevent this issue from being disposed of pursuant to Fed.R.Civ.P. 56.

Wherefore, Plaintiffs request an order of this Court that the corporate Defendants are "enterprises" under the meaning of 29 U.S.C. § 203(s)(1)(B)

Respectfully submitted,

Elizabeth O. Hueber
J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Elizabeth O. Hueber_____
    Elizabeth O. Hueber
    Florida Bar No.: 0073061

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to Blanca Rosa Sordo, Esq., Martinez & Sordo, PA, 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, fax: (305) 670-7065, e-mail: blanca@martinezsordolaw.com, on April 15, 2015.

J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Elizabeth O. Hueber_____
    Elizabeth O. Hueber
    Florida Bar No.: 0073061