UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON, et al.

        Plaintiff,
v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III, JORGE E. VALLE, et al.

        Defendants.
_____/

**DEFENDANTS' OPPOSITION AND MEMORANDUM OF LAW
TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Defendants Gajova, Inc., Jogava, Inc., and Jorge Valle, by and through undersigned counsel hereby oppose Plaintiffs' Motion for Partial Summary Judgment (hereinafter "Plaintiff's Motion").

    Plaintiffs request this Court grant summary judgment only on the issue of FLSA coverage. Plaintiffs contend that Defendants are an assisted living facility for the aged and are therefore covered pursuant to Section 203(s)(1)(B). (Plaintiffs Motion, Pgs. 1-2.) In support of their Motion, Plaintiffs' Statement of Material Facts cites to Defendants' objections and responses to Plaintiffs' interrogatories. Plaintiffs' Statement of Material Facts indicates that Defendants Jogava (Sunset Gardens II) and Gajova, (Sunset Gardens III) have described themselves as operating "a home where elderly residents reside." (Plaintiffs' Statement of Material Facts, paragraphs 1 and 4.) Defendants' complete responses to the relevant interrogatories state that Sunset Gardens II and Sunset Gardens III operated a **private house** where elderly residents reside. (Exhibits 1 and 2 to Plaintiffs' Statement of Material Facts.) This

distinction is important since Defendants maintain neither Sunset Gardens II nor Sunset Gardens III was an "institution" as that term is described in Section 203(s)(1)(B).  Rather, each was considered the private residence of the individuals residing on the premises as well as the Plaintiffs' own private residence where they lived as a family and carried on their personal affairs.  Sunset Gardens II and Sunset Gardens III were not limited, pursuant to Section 58A-5.0181, Florida Administrative Code, to offering service only to the elderly.  Rather, the only age requirement was that residents be at least 18 years old.  Therefore, Sunset Gardens II and Sunset Gardens III could provide services to any individual, of any age, who otherwise met the requirements of Section 58A-5.0181.

## MEMORANDUM

Rule 56(c) of the Federal Rules of Civil Procedures provides that summary judgment is appropriate where there are no genuine issues as to any material facts and the moving party is entitled to summary judgment.  Even where basic facts are not disputed summary judgment may be inappropriate if different inferences may be drawn from the undisputed facts.  *Clemons v. Dougherty County,* 684 F.2d 1365 (11th Cir. 1982).

Defendants raise the issue of FLSA coverage in their own Motion for Summary Judgment and maintain that Sunset Gardens II and Sunset Gardens III were not "institutions" and not subject to FLSA coverage.  Rather, Plaintiffs worked in a private home providing companionship to the residents and are therefore subject to the companionship exemption.  These arguments are more fully explained in Defendants' Motion for Summary Judgment.  Defendants therefore hereby readopt the arguments raised in Defendants' Motion for Summary Judgment as if fully restated herein.

WHEREFORE, because Defendants Sunset Gardens II and Sunset Gardens III were not "institutions" engaged in the "care of the sick, the aged, or the mentally ill or defective" it is not subject to the FLSA and Plaintiffs are not entitled to summary judgment on that ground. Further, because Plaintiffs resided on the premises and provided companionship services to the residents, they are exempt from the FLSA.

                                Respectfully submitted,


                                By: s:/Blanca R. Sordo
                                Blanca R. Sordo
                                FBN 0196037

                                MARTINEZ & SORDO, P.A.
                                Attorneys for Defendants
                                7300 North Kendall Drive
                                Suite 380
                                Miami, Florida 33156
                                Tel (305) 670-6767
                                Fax (786) 472-7030
                                E-mail: Blanca @martinezsordolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s:/Blanca R. Sordo
Blanca R. Sordo

MARTINEZ & SORDO, P.A.
Attorneys for Defendants
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Tel (305) 671-1307
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com

**SERVICE LIST**
**Fatima Del Socorro Marin Jiron, et al. v. Gajova, Inc., et al.**
CASE NO. 13-CV-21795-CV-SIMONTON
[CONSENT CASE]
**Southern District of Florida**

J.H. Zidell, Esq.,
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

K. David Kelly
 J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF