UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON )
et al.,                         )
                                )
           Plaintiffs,          )
    vs.                         )
                                )
GAJOVA, INC. d/b/a SUNSET GARDENS )
III et al.,                     )
                                )
           Defendants.          )
_____ )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

**COME NOW** Plaintiffs, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Southern District Local Rule 56.1, and hereby file Plaintiffs' Response to Defendants' statement of undisputed material facts and in support thereof states as follows:

1. Admit for purposes of Summary Judgment.

2. Admit for purposes of Summary Judgment.

3. Admit in part for purposes of Summary Judgment. If Nidia Valle was not available, Jorge Valle was Plaintiff's supervisor with the power to control Plaintiff's schedule and hours. (Fatima Jiron's Responses to Defendants' Interrogatories, ¶¶ 7, 8). [DE 65-1].

4. Admit in part for purposes of Summary Judgment. Plaintiff resided at Sunset III.

5. Admit for purposes of Summary Judgment.

6. Admit for purposes of Summary Judgment.

7. Admit for purposes of Summary Judgment.

8. Admit for purposes of Summary Judgment.

9. Admit for purposes of Summary Judgment.

10. Admit for purposes of Summary Judgment.

11. Admit for purposes of Summary Judgment.

12. Admit in part for purposes of Summary Judgment. Jorge Valle was Plaintiff's employer in that he controlled her schedule and hours. (Aracellys Marin's Responses to Defendants' Interrogatories, ¶ 7). [DE 65-3].

13. Admit in part for purposes of Summary Judgment. Jorge Valle, as administrator and boss, was Plaintiff's employer for the entirety of her employment with Defendants in that he controlled her schedule and hours, and directly supervised her when either Nidia Valle or Lissette Torres were unavailable. (Aracellys Marin's Responses to Defendants' Interrogatories, ¶ 7). [DE 65-3].

14. Admit for purposes of Summary Judgment.

15. Admit for purposes of Summary Judgment.

16. Admit for purposes of Summary Judgment.

17. Deny. Nidia Valle or Lissette Torres filled out staffing pattern sheets, but those sheets were not controlling schedules and were created solely to have the paperwork on site if the AHCA came to the premises. (Deposition of Aracellys Marin, page 19). [DE 65-4].

18. Admit for purposes of Summary Judgment.

19. Admit for purposes of Summary Judgment.

20. Admit for purposes of Summary Judgment.

21. Admit for purposes of Summary Judgment.

22. Admit for purposes of Summary Judgment.

23. Admit for purposes of Summary Judgment.

24. Admit for purposes of Summary Judgment.

25. Admit for purposes of Summary Judgment.

26. Admit for purposes of Summary Judgment.

27. Admit for purposes of Summary Judgment.

28. Admit for purposes of Summary Judgment.

29. Admit for purposes of Summary Judgment.

30. Admit for purposes of Summary Judgment.

31. Admit for purposes of Summary Judgment.

32. Admit for purposes of Summary Judgment.

33. Admit for purposes of Summary Judgment.

34. Admit for purposes of Summary Judgment.

35. Admit for purposes of Summary Judgment.

36. Admit for purposes of Summary Judgment.

37. Admit for purposes of Summary Judgment.

38. Admit for purposes of Summary Judgment.

39. Admit for purposes of Summary Judgment.

40. Admit for purposes of Summary Judgment.

41. Admit for purposes of Summary Judgment.

42. Admit for purposes of Summary Judgment.

43. Admit for purposes of Summary Judgment.

44. Admit for purposes of Summary Judgment.

45. Admit for purposes of Summary Judgment.

46. Admit for purposes of Summary Judgment.

47. Admit for purposes of Summary Judgment.

48. Admit for purposes of Summary Judgment.

49. Admit for purposes of Summary Judgment.

50. Admit for purposes of Summary Judgment.

51. Admit for purposes of Summary Judgment.

52. Deny. When Nidia Valle left the United States in 2013, Jorge Valle took over as Administrator and Plaintiffs' boss because, for all intents and purposes, he had the power to set the Plaintiffs' schedules and hours during the entire relevant time period. (Aracellys Marin's Responses to Defendants' Interrogatories, ¶ 7). [DE 65-3].

53. Deny. When Nidia Valle was not present, Jorge Valle took over as Administrator and Plaintiffs' boss because, for all intents and purposes, he had the power to set the Plaintiffs' schedules and hours during the entire relevant time period. (Aracellys Marin's Responses to Defendants' Interrogatories, ¶ 7). [DE 65-3]. (Flor Alvarez Depo Transcript, page 18). [DE 65-6]. "When the lady was not there, he was there. And when he was there, the lady was not there. We asked him for everything that we needed." (Flor Alvarez Depo Transcript, page 16). [DE 65-6].

54. Admit for purposes of Summary Judgment.

55. Admit for purposes of Summary Judgment.

56. Admit for purposes of Summary Judgment.

57. Admit for purposes of Summary Judgment.

58. Admit for purposes of Summary Judgment.

59. Admit for purposes of Summary Judgment.

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

A. Corporate Defendant Gajova, Inc. d/b/a Sunset Gardens III (hereinafter "Gajova") "operates" a home where "elderly residents reside." (Defs.' Gajova and Jorge Valle's Resp. to Interrogs. 7).

B. Gajova and Individual Defendant Jorge E. Valle (hereinafter "Mr. Valle") "purchased common household goods and groceries for the operation of the residence… ." (Defs.' Resp. to Interrogs. 15).

C. Plaintiff Fatima del Soccorro Marin Jiron "cooked and cleaned at Gajova's premises and helped bathe residents when necessary." (Defs.' Resp. to Interrogs. 7).

D. Corporate Defendant Jogava, Inc. d/b/a Sunset Gardens II (hereinafter "Jogava") "operates" a home where "elderly residents reside." (Def. Jogava's Resp. to Interrogs. 7).

E. Jogava "purchased common household goods and groceries for the operation of the residence… ." (Def. Jogava's Resp. to Interrogs. 15).

F. As an employee of Jogava, "Fatima del Socorro Marin Jiron tended to the aged and infirm… ." (D.E. 23-1).

G. The majority of the Defendants' income was from Medicare and Medicaid, and can otherwise be attributed to governmental programs. (Depo. Transcript Steven Robert Goldey, page 9, lines 5-7, 17).

> Respectfully Submitted,
>
> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Julia M. Garrett

                                                Julia M. Garrett, Esq.
                                                Florida Bar Number: 0105151

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to Blanca Rosa Sordo, Esq., Martinez & Sordo, PA, 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, fax: (305) 670-7065, e-mail: blanca@martinezsordolaw.com, on May 4, 2015.

                                                J.H. Zidell, P.A.
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167
                                                *Attorneys for Plaintiff*

                                                By: /s/ Julia M. Garrett
                                                Julia M. Garrett, Esq.
                                                Florida Bar Number: 0105151