UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21795-CIV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON )
et al., )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　vs. )
　 )
GAJOVA, INC. d/b/a SUNSET GARDENS )
III et al., )
　 )
　　　　　　　Defendants. )
_____ )

**REPLY IN RESPONSE TO OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

　　　　Comes Now Plaintiffs, by and through undersigned counsel and hereby files its Reply to Defendants Response in Opposition to Plaintiffs' Motion for Summary Judgment [DE 71; DE 68] and in support thereof state as follows:

**MEMORANDUM OF LAW**

**I.　　Introduction**

　　　　Defendants contest that they are not an assisted living facility by emphasizing their legal conclusion that the facility is a "private home."  The "private home" distinction confuses the issue of "enterprise coverage" with the "companionship exemption."  Whether something is an institution for the care of the elderly requires an analysis of certain facts regarding the facility, of which Defendants have not submitted any such relevant facts to counter the Defendants' own admissions.  Thus, Plaintiffs' Motion for Summary Judgment must be granted.

**II.　　Argument**

Defendants assert the legal conclusion that their assisted care living facility is in fact a private home, and thus, it is not a enterprise pursuant to 29 U.S.C. 203(s)(1)(B). The Opposition essentially reiterates the inapplicable legal conclusion that the facility at issue is a "private home" and supports that assertion with the same facts brought in Defendants' Motion for Partial Summary Judgment.

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir.1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir.1999). Defendants have not sufficiently designated specific facts to show a genuine issue of material fact. In this Reply, Plaintiffs assert that (i) the reasons brought by Defendants are not actually facts which contest the factual assertions brought by Plaintiff, and further, that even if they were, (ii) these statements of fact are insufficient when they are merely self serving contradictions of Defendants' own prior statements.

    i.    The "Contested" Facts are Not Relevant

None of the facts asserted actually are relevant for this Court's analysis as to enterprise coverage. Whether something is an institution is not affected by whether Defendants shopped at grocery stores (¶¶ 2,5), that there were six residents (¶¶ 7,8) whether they received correspondences (¶ 11), or whether the employees lived on site (¶¶ 10, 12,13). These facts are irrelevant as to whether Defendants are assisted care living facilities. Where Plaintiffs did their shopping and the number of residents at the institution does not matter, and the fact that residents received correspondences and lived there would be common to both private residents *and* institutions.

The type of facts which are relevant would be things that show that residents were cared for as being elderly or infirm. As cited by the Plaintiffs in the Partial Motion for Summary Judgment, this Court affirmed the rationale behind a sister court finding that the property was an enterprise under § 203(s)(1)(B):

> Similarly, in *Marshall v. Sunshine and Leisure, Inc.,* 496 F.Supp. 354, 356–58 (M.D.Fla.1980), in holding as a matter of law that the defendant facility met the definition of an enterprise, the court relied upon the undisputed facts that all of the persons residing in the facility were elderly and/or physically debilitated; that employees of the defendant were available 24 hours a day to assist the residents with their personal needs such as getting a glass of milk in the middle of the night or attending to a coughing spell; that the employees "shave residents, give haircuts and provide such personal services as food preparation, maid service, housecleaning, and assistance with personal hygiene;" that the employees assist the residents with walking and bathing, wash clothes, and provide transportation; and that the charter of the corporate defendant stated that the general purpose of the corporation was to house the elderly. Thus, in that case, there was no genuine dispute that the defendant was in the business of caring for the aged. [1]

Chacon v. El Milagro Child Care Ctr., No. 07-22835-CIV-AMS, 2009 WL 2059910, at *4 (S.D. Fla. July 9, 2009). Plaintiff also requests that this Court also incorporate the facts asserted in the Response to Motion for Summary Judgment [DE 71].

Plaintiffs have provided uncontested facts which support this assessment that Defendants were a business devoted to the caring for the aged, and thus Summary Judgment pursuant to Fed.R.Civ.P. 56 must be entered as to coverage as an enterprise under the FLSA.

    ii.    As a Matter of Law, Self Serving Statements Which Contradict Statements Made by the Declarant Cannot Support a Defense of Summary Judgment

Plaintiffs assert that the facts provided by Defendants are not relevant and thus, do not create a genuine issue of material fact. Nevertheless, to the extent that this Court disagrees with the Plaintiffs assessment of Defendants facts, the facts provided can still not support the defense

---

[1] Plaintiffs' counsel noticed an error upon review of Plaintiffs' Motion for Partial Summary Judgment that a shorter version of this block quote was improperly cited. Plaintiffs incorrectly cited "§ 203(s)(1)(B). Id., *citing* 496 F.Supp. at 356–58". The proper citation is: Chacon v. El Milagro Child Care Ctr., No. 07-22835-CIV-AMS, 2009 WL 2059910, at *4 (S.D. Fla. July 9, 2009).

of a Motion for Summary Judgment because they are supported *only* by self serving testimony which contradicts an earlier answer to an interrogatory. As a matter of law, this should not be sufficient to survive Summary Judgment.

In Van T. Junkins & Associates, Inc. v. U.S. Indus., Inc., the Court of Appeals for the 11th Circuit found that an affidavit which contradicted prior deposition testimony was insufficient to create an issue of material fact. 736 F.2d 656, 658 (1984). "[T]"he Eleventh Circuit requires 'a court to find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit.'" Durden v. Citicorp Trust Bank, FSB, No. 3:07-CV-974-J-34JRK, 2009 WL 6499365, at *8 (M.D. Fla. Aug. 21, 2009). While this court created rule explicitly refers to depositions, it should apply to answers to interrogatories which are later contradicted without explanation.

In this matter, Defendants admitted that they catered to and cared for elderly residents, which, if true, makes them an institution which is categorically an enterprise pursuant to § 203. *See* [DE 67-1]. To say that they being elderly is optional, now, or to otherwise contradict this inference in only self serving statements from Defendants is not sufficient to support a defense to Summary Judgment properly brought.

### III.     Conclusion

Plaintiffs have shown that Defendants admit that the facility is a place where elderly people are cared for. This is sufficient as a matter of law to find that it is an enterprise, pursuant to §203(s)(1)(B). Defendants have not provided evidence to show that they are not an enterprise. Thus, this Court should enter Summary Judgment on the issue of FLSA coverage pursuant to Fed.R.Civ.P. 56.

Wherefore, Plaintiffs request that this Court grant Plaintiffs' Motion for Summary Judgment [DE – 68] and order that Defendants are "enterprises" under the meaning of 29 U.S.C. § 203(s)(1)(B).

        Respectfully submitted,

        Elizabeth O. Hueber
        J. H. Zidell, P.A.
        Attorneys for Plaintiff
        300-71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By:__/s/ Elizabeth O. Hueber_____
           Elizabeth O. Hueber
           Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to Blanca Rosa Sordo, Esq., Martinez & Sordo, PA, 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, fax: (305) 670-7065, e-mail: blanca@martinezsordolaw.com, on May 14, 2015.

        J. H. Zidell, P.A.
        Attorneys for Plaintiff
        300-71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By:__/s/ Elizabeth O. Hueber_____
           Elizabeth O. Hueber
           Florida Bar No.: 0073061