UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-21795-CV-SIMONTON

[CONSENT CASE]

FATIMA DEL SOCORRO MARIN JIRON, et al.

        Plaintiff,
v.

GAJOVA, INC. d/b/a SUNSET GARDENS
III, JORGE E. VALLE, et al.

        Defendants.
_____/

**DEFENDANTS' REPLY
TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Defendants Gajova, Inc., Jogava, Inc., and Jorge Valle, by and through undersigned counsel hereby reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and state:

    1.    Defendants seek summary judgment on the issue of whether Defendant Jorge Valle is personally liable as he was not Plaintiffs' employer. Plaintiffs oppose this argument by alleging there are factual disputes that preclude summary judgment on this issue. However, the factual disputes are not genuine as they were raised by Plaintiffs' sham affidavits solely to contradict the Plaintiffs' earlier sworn deposition testimony. Therefore, there are no genuine disputes as to the fact that Nidia Valle is the individual who consistently directed Plaintiffs work, set their rates of pay, set their work schedules and supervised them. Therefore, as a matter of law, Defendant Jorge Valle is entitled to summary judgment.

2.	Defendants seek summary judgment on the issue of whether the FLSA applies to Defendants Sunset Gardens II and Sunset Gardens III since they did not meet the requisite $500,000.00 gross volume sales requirement for enterprise coverage. Plaintiffs oppose Defendants' Motion and allege that Defendants are an "institution" covered by Section 203(s)(B) as they are "primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." Plaintiffs' Motion for Partial Summary Judgment also addresses this same issue. Defendants have opposed Plaintiffs' Motion for Partial Summary Judgment and maintain the FLSA is inapplicable to them. As no new arguments are raised in Plaintiffs' Opposition and this issue has been fully briefed Defendants adopt their previous arguments.

3.	Finally, Defendants seek summary judgment on the grounds that the companionship exemption applies to Plaintiffs' work. Plaintiffs oppose this point by stating that the exemption does not apply because Defendants' facilities were not "private homes" as required by the exemption. This issue turns on the nature of Sunset Gardens II and Sunset Gardens III. Plaintiffs allege they were "institutions" and Defendants maintain that the residents and Plaintiffs themselves considered them their "private homes." These arguments have been fully explored in Defendants' Motion and in their Opposition to Plaintiffs' Motion. Defendants therefore readopt their arguments.[1]

Defendants restate and readopt the arguments raised in their Motion for Summary Judgment and further reply to Plaintiffs' Opposition as follows.

**I	DEFENDANT VALLE WAS NOT PLAINTIFFS' EMPLOYER**

---

[1]	Plaintiffs cite 29 C.F.R. §552.109(a) and argue that this new rule clarifies that the exemption is not meant to apply to "professionals." However, Plaintiffs fail to mention that the United States District Court for the District of Columbia has vacated the new rule in its entirety. See Home Care Association of America v. Weil, Case No. 14-cv-967 (D.C. Cir. Dec. 22, 2014).

Defendant Jorge Valle seeks summary judgment as he was not Plaintiffs' employer. Plaintiffs oppose this argument by stating there are issues of material fact in dispute precluding summary judgment. However, a careful reading of Plaintiffs' deposition testimony leaves no doubt that each Plaintiff testified that Nidia Valle hired them, set their rates of pay, set their schedules and supervised their work. Each Plaintiff mentioned Defendant Jorge Valle only in passing and his role was relegated to covering for Nidia Valle, at her request, when she was traveling out of the country. Plaintiffs describe Defendant Jorge Valle's involvement as merely delivering groceries and delivering payments left by Nidia Valle when she traveled. None of the Plaintiffs stated that Defendant Jorge Valle ever set their schedule, their rates of pay or the terms and conditions of their employment. When asked about these matters each Plaintiff unequivocally pointed to Nidia Valle. The fact is Defendant Jorge Valle's role of delivering groceries and payments when Nidia Valle was traveling could have been filled by anyone. That is, Defendant Jorge Valle did not need operational control of Sunset Gardens II or Sunset Gardens III to deliver groceries and payments. In fact, as of Defendant Jorge Valle's divorce from Nidia Valle in 2011 he had no ownership interest or control whatsoever in Sunset Gardens II. When Nidia Valle moved to Nicaragua in 2013 she left another administrator in charge, Lissette Torres. Although Plaintiffs contend that Jorge Valle was in charge at that point, their testimony reflects otherwise. Indeed, Plaintiff Teresa Marin testified that *after* Nidia Valle left to Nicaragua, she ordered that Lissette Torres raise her pay by $30 per week. *"That's true. I'm sorry. I didn't remember. That was when Lissette was there. She paid me $450, and I'll tell you why****. She told me that Nidia had asked her to give me $30 more."*** Teresa Marin Deposition, Page 17. Therefore, even from Nicaragua Nidia Valle was still determining the Plaintiffs' pay.

The only factual dispute as to Defendant Jorge Valle's role is raised by Plaintiffs Flor Alvarez and Aracellys Marin's Affidavits. Defendants have filed a Motion to Partially Strike these Affidavits. These Affidavits are a sham as they contain statements which directly contradict Plaintiffs' deposition testimony. Defendants' Motion to Strike fully sets forth each Plaintiffs' deposition testimony which contradicts the statements in the Affidavits. Because Plaintiffs cannot support their factual disputes with sham affidavits, Defendant Jorge Valle is entitled to summary judgment as the facts establish that he did not have operational control over Sunset Gardens II or Sunset Gardens III. This is a legal determination to be made by the Court. "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo,* 803 F.2d 632 (11th Cir. 1986). Here, it was Nidia Valle who had operational control of Sunset Gardens II and Sunset Gardens III. Defendant Jorge Valle was not an owner of Sunset Gardens II as of the parties' divorce in 2011. Therefore, as a matter of law, Defendant Jorge Valle is not individually liable for any alleged FLSA violations.

Respectfully submitted,

By: s:/Blanca R. Sordo
Blanca R. Sordo
FBN 0196037

MARTINEZ & SORDO, P.A.
Attorneys for Defendants
7300 North Kendall Drive
Suite 380
Miami, Florida 33156
Tel (305) 670-6767
Fax (786) 472-7030
E-mail: Blanca @martinezsordolaw.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 14th day of May, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: s:/Blanca R. Sordo
      Blanca R. Sordo

      MARTINEZ & SORDO, P.A.
      Attorneys for Defendants
      9350 South Dixie Highway
      10th Floor
      Miami, Florida 33156
      Tel (305) 671-1307
      Fax (786) 472-7030
      E-mail: Blanca @martinezsordolaw.com

**SERVICE LIST**
**Fatima Del Socorro Marin Jiron, et al. v. Gajova, Inc., et al.**
CASE NO. 13-CV-21795-CV-SIMONTON
[CONSENT CASE]
**Southern District of Florida**

J.H. Zidell, Esq.,
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF

K. David Kelly
 J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami, Florida 33141
Attorney for Plaintiff
via CM/ECF